IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In Re: )

CHARLES ANDREW GUNTER, JR. ) Case No: 13-00877

Debtor. )

## PLAN OF REORGANIZATION

CHARLES ANDREW GUNTER, JR., the above Debtor, proposes the following Plan of Reorganization with its creditors:

## ARTICLE I
## DEFINITIONS, INTERPRETATION, AND RULES OF CONSTRUCTION

**A. Definitions.**

The following terms, when used in this Plan, shall, unless the context otherwise requires, have the following meanings:

1.01 "Allowed Claim" shall mean:

(a) in respect of which a proof of claim has been filed with the Court on or before the applicable Bar Date, as herein defined:

(b) which is scheduled in the schedules of assets and liabilities and statement of financial affairs of the Debtor prepared and filed with the Court which is listed as either disputed, contingent or unliquidated as to amount; and, in either of the following cases:

(c) to which no objection to allowance thereof is interposed; or

(d) to which, if objection is interposed, the claim is allowed by an order or judgment which is no longer subject to initiation or continuation of appeal or certiorari proceeding.

1.02 "Allowed Secured Claim" shall mean an Allowed Claim arising on or before the Petition Date that is secured by a valid lien, as hereinafter defined, on property of the Debtor, which lien is not void or voidable under state or federal law, including any provision of the Bankruptcy Code, to the extent of the value (which is either agreed to by the Debtor pursuant to this Plan or, in absence of an agreement, as determined in accordance with Section 506 of the Bankruptcy Code) of the interest of the holder of such Allowed Claim pursuant to this Plan. That portion of such Allowed Claim exceeding the

Case 13-00877    Doc 115    Filed 05/28/14    Entered 05/28/14 14:17:09    Desc Main
Document    Page 1 of 12

value of the security held thereof shall be a Priority Claim or an allowed Unsecured Claim, as determined by the Bankruptcy Code without regard to its former secured status.

1.03 "Allowed Unsecured Claims" shall mean all Allowed Claims, which are claims other than Priority Claims or Allow Secured Claims.

1.04 "Bankruptcy Code" shall mean Section 101 et seq. of Title 11 of the United States Code, as amended from time to time.

1.05 "Bar Date" shall mean any particular deadline established by the Court pursuant to Bankruptcy Rule 3003(c)(3) after which (i) any proof of claim filed has no effect on this Plan, and (ii) the holder of such proof of claim has no right to participate with other creditors under the Plan.

1.06 "Claim" shall have the meaning given it in Section 101(4) of the Bankruptcy Code.

1.07 "Class" shall mean any class into which claims are classified pursuant to Article II hereof.

1.08 "Confirmation Date" shall mean the date upon which the order of Confirmation is entered by the Court.

1.09 "Confirmation Order" means the Order of the Bankruptcy Court confirming this Plan.

1.10 "Court" shall mean the United States Bankruptcy Court for the Southern District of Alabama, Southern Division, presiding over reorganization cases, or if necessary, the United States District Court for said district having original jurisdiction over said reorganization cases.

1.11 "Creditors" shall mean all persons holding claims against debtor.

1.12 "Debtor" shall mean CHARLES ANDREW GUNTER, JR., the debtor in this Chapter 11 case.

1.13 "Effective Date" shall mean the first business day on which no stay of the Confirmation order is and remains in effect that is after thirty (30) calendar days following the Confirmation Date.

1.14 "Lien" shall mean any charge against or interest in property to secure payment of a debt or performance of an obligation including, without limitation, any judicial or equitable lien, security interest, mortgage, deed of trust and statutory lien in Section 101 of the Bankruptcy Code.

1.15 "Petition Filing Date" means March 13, 2013, the date on which the Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code.

1.16     "Conversion Date" means December 18, 2013, when the Court granted Debtor's Motion to Convert the Chapter 13 case to a Chapter 11 case under the Bankruptcy Code.

1.17     "Plan" shall mean this Plan of reorganization in its present form or as it may be amended or supplemented from time to time.

1.18     "Priority Claims" shall include all Claims, which are entitled to priority pursuant to Section 507 of the Bankruptcy Code.

1.19     "Pro Rata" shall mean with respect to any Allowed Claim in any Class, the proportion that the amount of such Allowed Claim bears to the aggregate amount of all of the Allowed Claims of such Class.

1.20     "Secured Claims" shall mean those claims who payment is secured by a Lien.

1.21     "Unsecured Creditors" shall mean the holders of Allowed Unsecured Claims.

**B.     Interpretation, Rules of Construction, Computation of Time.**

1.     Any term used in this Plan that is not defined in this Plan, either in Article I (Definitions) or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in (and shall be construed in accordance with the rules of construction under) the Bankruptcy Code or the Bankruptcy Rules. Without limiting the foregoing, the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply.

2.     The words "herein", "hereof", "hereto," "hereunder," and others similar import refer to this Plan as a whole and not to any particular article, section, subsection or clause contained in this Plan.

3.     Unless specified otherwise in a particular reference, a reference in this Plan to an Article or a Section is reference to that Article or Section of this Plan.

4.     Any reference in this Plan to a document being in a particular form means that the document shall be in substantially such form.

5.     Any reference in this Plan to an existing document means such document, as it may have been amended, restated, modified, or supplemented from time to time.

6.     Whenever from the context it is appropriate, each term stated in either the singular or the plural shall include both the singular and plural.

Page -3-

Case 13-00877    Doc 115    Filed 05/28/14    Entered 05/28/14 14:17:09    Desc Main
Document    Page 3 of 12

7. In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

8. All exhibits to this Plan are incorporated into this Plan, and shall be deemed to be included in this Plan, regardless of when they are filed.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS
## AND STATEMENT OF CLASSES OF CLAIMS NOT IMPAIRED

The following is a designation of the classes of claims and interests under this Plan. Administrative claims and priority tax claims of the kinds specified in Sections 507(a)(1), 507(a)(7), and 507(b) of the Bankruptcy Code, respectively, have not been classified and are excluded from the following classes, in accordance with Section 1123(a)(1) of the bankruptcy Code. A claim or interest is classified in a particular class only to the extent that the claim or interest qualifies within the description of that class and is classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim or interest is in a particular class only to the extent that the claim or interest is an allowed Claim or allowed Interest in that class and has not been paid, released or otherwise satisfied before the Effective Date.

2.1 For the purposes of distribution under this Plan, secured claims and general unsecured claims shall be classified as follows:

Class 1 – Secured- Nationstar Mortgage- Debt secured by:

A) 11271 Springlake Rd., Chunchula, AL.

Class 2 – Secured- Ally Financial- Debt secured by:

A) 2007 Chevrolet Silverado.

Class 3 – Un-Secured with Priority Interest- State of Alabama,
Department of Revenue

A) Back Taxes

Class 4 – General Unsecured Claims of Non-Insiders and Insiders

2.2 This Plan contemplates that the claims of all creditors in Classes 1through 4 shall be impaired.

## ARTICLE III
## UNCLASSIFIED CLAIMS
## ADMINISTRATIVE AND PRIORITY CLAIMS

3.1 **Treatment of Unclassified Claims.**

A. **General.** Subject to the bar date provisions herein, each holder of an Allowed claim for administrative costs and expenses of the kind specified in Section 507(a) (1) or Section 507(b) of the Bankruptcy Code shall receive, on account of and in full satisfaction of such Allowed Claim on the Effective Date, unless otherwise provided, and the holder agrees to said less favorable treatment of such claim. Such allowed Claims for administrative expenses and costs shall be by the Reorganized Debtor. Notwithstanding the foregoing, payment on an administrative claim will not be made until such payment would have become due in the ordinary course of the Debtor's business or under the terms of the claim in the absence of this reorganization case.

Debtor's post-petition federal tax liability, if any, shall be paid no later than the effective Date of the Plan.

i. If the Debtor fails to make payment of any liability under the Plan to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the debtor is in default of the plan. Failure to declare a default does not constitute a waiver by the United States of the right to that the successor in interest or debtor is in default.

ii. If the United States declares the debtor or the successor in interest to be in default of the debtor's obligation under the plan, then the liability provided for in this plan, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the debtor or the successor in interest.

iii. If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of Title 26 of the United States Code.

B. **Bar Date for Administrative Claims.** All applications for final compensation of professional persons for services rendered and for

reimbursement of expenses incurred on or before Effective Date (including, without limitation, any compensation requested by any professional or any other entity for making a substantial contribution in the Reorganization Case) and all other requests for payment of administrative costs and expenses incurred before the Effective Date under Sections 507(a)(1) or 507(b) of the Bankruptcy Code (except only for claims for post-petition tax liabilities and except for claims for trade debt incurred in the ordinary course of business and claims under 28 U.S.C. s 1930) shall be filed no later than 30 days after the Effective Date, unless extended such date is extended by the Bankruptcy Court on notice to the Reorganized Debtor and other interested parties. Any such claim that is not filed within this deadline shall be forever barred; and any holders of administrative claims who are required to file a request for payment of such claims and who do not file such requests by the applicable bar date shall be forever barred from asserting such claims against the Debtor, the Reorganized Debtor, or any of its respective property. Any professional fees or reimbursement of expenses incurred subsequent to the Effective Date by the Reorganized Debtor may be paid by such Reorganized Debtor without application to the Bankruptcy Court. Any dispute regarding the payment of such post Effective Date professional fees and expenses, which relate to this Reorganization Case or this Plan, shall be determined by the Bankruptcy Court.

3.2 **Priority Claims**

A. **Priority Tax Claims.** Except as otherwise provided hereafter in this Section 3.2, each holder of an allowed priority claim for taxes of any kind specified in Bankruptcy Code Section 507(a)(7) shall receive, at Debtor's option, either a cash payment in the amount of such Allowed Claim without interest on the Effective Date or deferred cash payments over a period not exceeding five (5) years from the date the Chapter 11 Petition was filed in this case in an aggregate amount equal to the amount of such Allowed Claim, plus interest from the Confirmation Date on the unpaid portion of such Allowed Claim (without penalty of any kind).

**ARTICLE IV**
**SECURED CLAIMS**

4.1 **Class 1: Secured – Nationstar Mortgage.** 11271 Springlake Road, Chunchula, AL. Debtor is indebted to Nationstar Mortgage on a note with a balance of approximately $91,500.00 secured by a mortgage on property located at 11271 Springlake Road, Chunchula, Alabama. Debtor shall pay the allowed amount of the secured claim of Nationstar Mortgage based on the Nationstar Mortgage debt with interest accrue beginning on the Confirmation Date at the rates hereafter stated. The allowed amount of the Nationstar Mortgage secured claim shall be set at $91,500.00 unless Nationstar Mortgage objects to the valuation of the Nationstar Mortgage Secured Property. In said event, the Court shall conduct a valuation hearing and determine the values of the Nationstar Mortgage Secured Property and the allowed amount of the

Nationstar Mortgage secured claim shall be the value of the Nationstar Mortgage Secured Property not to exceed the amount of the Nationstar Mortgage debt.

The interest rate shall be adjusted and equal to 7.5% per annum from the Confirmation Date to the end until the end of the 120th month after the Confirmation Date.

Debtor shall pay principal and interest on the allowed amount of the secured claim of the Nationstar Mortgage debt as calculated at the above rates in equal monthly installments for a 120-month amortization. Payments at the above rate shall commence on the Effective Date of the Plan. All adequate protection payments heretofore paid by Debtor, if any, on this Nationstar Mortgage debt to Nationstar Mortgage shall be credited against the Nationstar Mortgage debt.

Nationstar Mortgage shall retain its lien on the Nationstar Mortgage Secured Property to secure payment of the Nationstar Mortgage debt. All other terms and conditions of the mortgage shall remain in full force and effect, including any escrow of taxes and insurance that may be required under said mortgage. Upon payment in full of the Nationstar Mortgage debt, Nationstar Mortgage shall cancel its lien against the Nationstar Mortgage Secured Property.

A) 4.2 **Class 2: Secured – Ally Financial.** 2007 Chevrolet Silverado. Debtor is indebted to Ally Financial on a note with a balance of approximately $8,000.00 secured by a promissory note on a 2007 Chevrolet Silverado. Debtor shall pay the allowed amount of the secured claim of Ally Financial based on the Ally Financial debt with interest accrue beginning on the Confirmation Date at the rates hereafter stated. The allowed amount of the Ally Finance secured claim shall be set at $8,000.00 unless Ally Financial objects to the valuation of the Ally Financial Secured Property. In said event, the Court shall conduct a valuation hearing and determine the values of the Ally Financial Secured Property and the allowed amount of the Ally Financial secured claim shall be the value of the secured property not to exceed the amount of the Ally Financial debt.

The interest rate shall be adjusted and equal to 7.5% per annum from the Confirmation Date to the end of the 60th month after the Confirmation Date.

Debtor shall pay principal and interest on the allowed amount of the secured claim of the Ally Financial debt as calculated at the above rates in equal monthly installments for the first 60 months calculated on a 60-month amortization. Payments at the above rate shall commence on the Effective Date of the Plan. All adequate protection payments heretofore paid by Debtor, if any, on this Ally Financial debt to Ally Financial shall be credited against the Ally Financial debt.

Case 13-00877   Doc 115   Filed 05/28/14   Entered 05/28/14 14:17:09   Desc Main
Document      Page 7 of 12

Ally Financial shall retain its lien on the Ally Financial Secured Property to secure payment of the Ally Financial debt. All other terms and conditions of the mortgage shall remain in full force and effect, including any escrow of taxes and insurance that may be required under said mortgage. Upon payment in full of the Ally Financial debt, Ally Financial shall cancel its lien against the Ally Financial Secured Property.

## ARTICLE V
## UNSECURED CLAIMS

5.1    **Class 3: Unsecured Priority Claims.** Class 3 consists of the Unsecured Priority Claim of the State of Alabama, Department of Revenue. The State of Alabama, Department of Revenue is owed approximately $8,000.00 in back 914 and income taxes. Debtor shall pay the allowed amount of the unsecured priority claim of the State of Alabama, Department of Revenue, based on the State of Alabama, Department of Revenue debt with interest accrue beginning on the Confirmation Date at the rates hereafter stated. The allowed amount of the State of Alabama, Department of Revenue unsecured priority claim shall be set at $8,000.00 unless State of Alabama, Department of Revenue objects to the valuation of the State of Alabama, Department of Revenue Claim. In said event, the Court shall conduct a valuation hearing and determine the values of the State of Alabama, Department of Revenue Claim and the allowed amount of State of Alabama; Department of Revenue Claim shall be the value of the secured property not to exceed the amount of the State of Alabama, Department of Revenue debt.

The interest rate shall be adjusted and equal to 4.5% per annum from the Confirmation Date to the end of the 48th month after the Confirmation Date.

5.2    **Class 4: General Unsecured Claims.** Class 4 consists of general unsecured claims including claimants who failed to perfect their security or mortgage interests, claimants whose claims are under secured, and contribution claims of co-obligors. Each holder of an allowed Class 4 unsecured claim shall be paid 100% of their allowed claim plus 4.5%. Each Class 4 creditor shall receive payment of a prorate share of a monthly payment of $108.13beginning on the effective date of the Plan for a period of 60 months continuing each month thereafter until the amount of each creditor's distribution is paid in full.

## ARTICLE VI
## REVESTING OF TITLE TO ASSETS AND PURCHASE OF ADDITIONAL ASSETS

Case 13-00877    Doc 115    Filed 05/28/14    Entered 05/28/14 14:17:09    Desc Main
Document    Page 8 of 12

6.1     Except as otherwise provided in any provision of this Plan, on Effective Date all property of the Estate shall revest in the Reorganized Debtor, all free and clear of all claims, liens, encumbrances, and other interests of Creditors and Equity Security Holders. From and after the Effective Date, the Reorganized Debtor may use, acquire, and dispose of property, including property of the estate, without supervision of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code, other than those restrictions imposed by this Plan and the Confirmation Order. The Debtor shall have the authority to sell or lease a portion of its business operations. The partners of the limited partnership shall retain their partnership interest in the Reorganized Debtor. The Debtor may change the name of the limited liability company after confirmation.

## ARTICLE VII
## RETENTION OF CLAIMS AND CAUSES OF ACTION

7.1     Debtor retains all claims and causes of action which it may have against any and all persons, companies and other entities and nothing contained herein shall be deemed a release by Debtor of any cause of action, judgment, or claim it may now have or may hereafter acquire against any person, corporation or entity nor shall the entry of an order of confirmation constitute judicial estoppel against Reorganized Debtor pursuing those cause of action. Debtor specifically retains its claims for damages resulting or arising from the oil spill in the Gulf of Mexico against all responsible parties including but not limited to BP, Halisburton, and/or Transocean.

## ARTICLE VIII
## MEANS FOR EXECUTION AND IMPLEMENTATION OF PLAN

8.1     **Funding of Plan.** Funds required to make the payments required by this Plan, shall be provided from the funds of Debtor's Estate, from funds generated by the operation of Debtor's business, from any funds borrowed post-petition or post-confirmation, and from the proceeds of the sale of any of the assets of the estate.

8.2     **Discharge of Debtor and Injunction.** The rights afforded in this Plan and the treatment of all claims and equity interests therein shall be in exchange for and in complete satisfaction, discharge, and release of all claims and equity interests of any nature whatsoever, including interest accrued on such claims form and after the Petition Date, against the Debtor, or any of its assets or properties. Except as otherwise provided in this Plan or the Confirmation Order (i) on the Effective Date, the Debtor shall be deemed discharged and release to the fullest extent permitted by Section 1141 of the Bankruptcy Code from all claims and interests, including but not limited to, demands, liabilities, claims and interests that arose before the Confirmation Date and all debts of the kind specified in Sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether

or not: (a) a proof of claim or proof of interest based on such debt or interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (b) a claim or interest based on such debt or interest had accepted the Plan; and (ii) all Persons shall be precluded from asserting against the Reorganized Debtor, its successors, or its assets or properties any or further claims or equity interests based upon any action or omission, transaction, or other or further claims or equity interests based upon any action or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date. Except as otherwise provided in this Plan, the Confirmation Order shall act as a discharge of any and all claims against and all debts and liabilities of the Debtor, as provided in sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment against the Debtor at any time obtained to the extent that it relates to a claim discharged. Nothing contained herein shall operate or release any individual from any trust fund liability owed to the United States.

Except as otherwise provided in this Plan or the Confirmation Order, on and after the Effective Date, all Persons who have held, currently hold or may hold a debt, claim, or interest discharged pursuant to the terms of this Plan are permanently enjoined from taking any of the following actions on account of any such discharged debt, claim, or interest: (1) commencing or continuing in any manner any action or other proceeding against the Debtor or the Reorganized Debtor, its successors or its property; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, its successors or its property; (3) creating, perfecting or enforcing any lien or encumbrances against the Debtor or Reorganized Debtor, its successors of its property; (4) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due to the Debtor or the Reorganized Debtor, its successors or its properties; (5) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of this Plan or the Confirmation Order. Any Person injured by any violation of such injunction shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages, from willful violator.

8.3 **Preservation of Rights of Action.** Any of Debtor's rights or cause of action against any party including, but not limited to rights or causes of action under Section 544 through 550, inclusive, of the Bankruptcy Code or under any other statute or based on any legal theory shall remain assets of, and vest in, the Reorganized Debtor. Specifically included in said assets shall be the rights to pursue causes of action for preferences, fraudulent transfers, and wrongful termination of licensing authority. The Reorganized Debtor may pursue those rights of action, as appropriate, in accordance with what is in the best interests, and for the benefit, of the Reorganized Debtor.

8.4 **Limitation of Liability.** Neither the Debtor, nor its respective partners, managers, employees, members or agents, nor any professional Persons employed by any of them shall have or incur any liability to any Person for any act taken or omission made in good faith in connection with or related to formulating, implementing, confirming or consummating this Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with this Plan.

Case 13-00877    Doc 115    Filed 05/28/14    Entered 05/28/14 14:17:09    Desc Main
Document      Page 10 of 12

8.5. **Other Documents and Actions.** The Debtor and the Reorganized debtor may execute such documents and take such other action as is necessary to effectuate the transactions provided for in this Article.

8.6. **Unclaimed Property.** Any property to be distributed on account of a claim against or interest in the debtor shall be distributed by mail to the latest mailing address filed of record for the party entitled thereto, or if no such mailing address has been so filed, the mailing address reflected in the Schedules of Assets and Liabilities filed by the Debtor. Any property so distributed that is unclaimed for five (5) years after the distribution thereof by mail shall become property of the Reorganized Debtor free and clear of any restrictions thereon.

8.7 **Setoffs.** The Reorganized Debtor may, but shall not be required to, set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such claim, claims of any nature that the Debtor or Reorganized Debtor may have against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any claim against the Debtor or Reorganized Debtor shall constitute a waiver or release by the Debtor or Reorganized Debtor of any claim that the Debtor or Reorganized Debtor may possess against such holder.

## ARTICLE IX

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case:

9.1 To determine the allowance or disallowance of and the amount, priority, validity and dischargeability of claims and interests.

9.2 To interpret the Plan and hear all disputes arising in connection with execution of this Plan.

9.3 To fix and approve allowances of compensation and other administrative expenses, including, if appropriate, payments to be made in connection with this Plan.

9.4 To decide controversies and disputes arising under or in connection with the Plan.

9.5 To correct any defect, cure any omission, or reconcile any inconsistency in

Case 13-00877    Doc 115    Filed 05/28/14    Entered 05/28/14 14:17:09    Desc Main
Document      Page 11 of 12

the Plan, or modify or amend Plan.

9.6     To enforce all causes of action which may exist in behalf of the Debtor.

9.7     To issue any order, process or judgment necessary or appropriate to carry out the provisions of the Plan.

## ARTICLE X
## OBJECTIONS TO CLAIMS

10.1    Notwithstanding any provisions of the Plan specifying a date or time for payment of distribution of consideration hereunder, payments and distributions in respect of any claim that at such date or time is subject to an objection, motion for estimation, or scheduled as disputed, unliquidated, or contingent, or collateral securing said claim is subject to a pending valuation request, shall not be made until an order with respect to such objection, estimation, or valuation becomes final, whereupon such payments and distributions shall be made promptly in accordance with the Plan.

Dated this the 28th day of May, 2014.

_/s/ Charles A. Gunter_
Charles Andrew Gunter, JR.

_/s/ Michael J. Harbin_
Michael J. Harbin
Attorney for Debtor
P.O. Box 851372
Mobile, AL 36685
(251)689-5569