IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:  \*

\*  CASE NUMBER

CHARLES ANDREW GUNTER, JR.,  \*  13-00877

\*

Debtor,

## DISCLOSURE STATEMENT
## ACCOMPANYING PLAN OF REORGANIZATION

I.  **INTRODUCTION:** On March 13, 2013, a voluntary Petition for Relief under Chapter 13 of Title 11, United States Bankruptcy Code (hereinafter referred to as "Bankruptcy Code") was filed by CHARLES ANDREW GUNTER, JR. (hereinafter referred to as "Debtor"). On December 18, 2013, Debtor converted its case from a Chapter 13 to a Chapter 11 under the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Alabama. Debtor has filed a plan of Reorganization (hereinafter referred to as "Plan") pursuant to Chapter 11 of the Bankruptcy Code. The Plan specifies the various classes of the Debtor's creditors and the proposed treatment of claims and interests of such creditors. Pursuant to Section 1125 of the Bankruptcy Code, Debtor is soliciting acceptance of the Plan by the classes of creditors entitled to vote on the Plan. The purpose of this Disclosure Statement is to provide the holders of claims against Debtor with adequate information about the Debtor and the Plan in order to enable the holders of such claims to arrive at a reasonable, informed decision in exercising their rights to vote for acceptance or rejection of the Plan. All references herein to "the Plan", "the proposed Plan" or words of like import, are to the Debtor's Plan of Reorganization filed by CHARLES ANDREW GUNTER, JR..

II.  **DISCLAIMER**: This is a solicitation of CHARLES ANDREW GUNTER, JR., only and is not a solicitation of CHARLES ANDREW GUNTER, JR.'s attorneys, accountants, agents, or servants and the representations made herein are those of CHARLES ANDREW GUNTER, JR., and not of CHARLES ANDREW GUNTER, JR.'s attorneys, accountants, agents, or servants as otherwise stated. The financial information contained herein has not been subject to an audit.

III.  **OWNERSHIP, MANAGEMENT, AND FINANCIAL DEALINGS WITH DEBTOR**: CHARLES ANDREW GUNTER, JR. (hereafter sometimes "GUNTER") is a individual resident of Mobile County, Alabama, who is in the business of auto repair.

-1-

Case 13-00877    Doc 116    Filed 05/28/14    Entered 05/28/14 14:19:01    Desc Main
Document      Page 1 of 8

IV. **BANKRUPTCY PROCEDINGS AND IMPACT THEREOF:** On March 13, 2013, CHARLES ANDREW GUNTER, JR. filed his Petition for Relief under Chapter 13 of the Bankruptcy Code and converted its petition to a Chapter 11 of the Bankruptcy Code on December 18, 2013. It has operated since that time based on revenues generated by his business operations. Debtor's Chapter 13 filing was precipitated by a notice from Nationstar Mortgage that it was intending to begin foreclosure proceedings against GUNTERS homestead.

V. **FINANCIAL INFORMATION:**

A. **Past Performance.** Payments of the distributions to creditors under the proposed Plan will be made from CHARLES ANDREW GUNTER, JR.'s future income derived from the continued operation of his business.

Since filing its Chapter 11 petition, CHARLES ANDREW GUNTER, JR. has filed monthly and quarterly reports of his business operations with the Bankruptcy Administrator. These may be inspected by all interested parties.

B. **Liquidation Dividend vs. Plan Dividends**.

1. **Liquidation under Chapter 7**. Below is a listing by category, as of May 1, 2014, of all assets of the Debtor's estate, the market value, the liquidation value, the amount of any secured debt for which that asset serves as collateral, and the amount of equity owned by the Debtor. "Market values" of tangible personal property are the opinions of the Debtor and is based on the amount for which those items could be found within a 180 day period of time. "Liquidation values" of tangible personal property are the opinions of the Debtor and is based on the amount for which those items would sell if advertised and only purchasers seeking to purchase for resale could be found. The market value of the Debtor's real property is based upon an analysis by Debtor which places great weight on the fact that the Debtor's improvements to properties and the locations of the properties.

| ASSET | MARKET VALUE | LIQUIDATION VALUE | EST. DEBT OWING ON COLLATERAL | EQUITY |
|---|---|---|---|---|
| Notes secured by Mortgage to Nationstar Mortgage on 11271 Springlake Rd., Chunchula, AL | 148,900.00 | 148,900.00 | 91,500.00 | 57,400.00 |
| Note secured by Ally Financial on 2007 Chevrolet Silverado | 10,500.00 | 10,500.00 | 8000.00 | 2500.00 |

-2-

To determine the percentage dividend unsecured creditors would receive if this case was converted to a Chapter 7, the amount of projected administrative claims and the amount of priority claims is to be subtracted from the equity resulting from the liquidation of the above assets and the difference divided by the amount of all unsecured claims. In the event the Debtor's case was converted to a Chapter 7 proceeding, there would be 59,900.00 to the Chapter 7 Trustee.

The Chapter 7 and Chapter 11 administrative claims must be paid before any monies are paid to priority or unsecured creditors. Chapter 7 administrative claims estimated at $5,000.00 for the Chapter 7 Trustee would be paid first out of the Estate. Chapter 11 administrative expenses including unpaid professional fees estimated at $10,000.00 would be paid out of the remaining Chapter 7 estate funds. $44,900.00 would be available to be divided between unsecured creditors with claims totaling $13,799.85. Payment to creditors would occur approximately one year after the hypothetical conversion to Chapter 7.

The Debtor cannot make any warranty as to the accuracy of the above figures, such computations being, at best, estimates because of the uncertainty of liquidation values. However, the above analysis represents Debtor's best estimate of the probable disposition of the proceeds of the assets of this estate in a Chapter 7.

2. **Comparison of Plan**. Debtor is of the opinion that the proposed Plan provides a 100% distribution to each class of creditors. The specifics of these payments are discussed below. Secured creditors will have their allowed secured claims plus interest paid in full. General unsecured creditors will receive a distribution of 100% of their allowed claims payable by monthly payments one month of the Effective Date. The amount each class of creditors will receive and the length of time elapsing for each to receive those payments are described below.

| CLASS | ESTIMATED AMOUNT OF ALLOWED CLAIMS | TOTAL AMOUNT TO BE PAID | PERIODIC PAYMENT | DURATION IN MONTHS |
|---|---|---|---|---|
| Professional Administrative: Attorney (est.) | 10,000.00 | 10,000.00 | 166.67 per month | 60 |
| Class 1 – Secured – Nationstar Mortgage, 11271 Springlake Rd., Chunchula, AL | 91,500.00 | 91,500.00 plus 7.5% interest | 1,086.12 monthly adjusted | 120 |

-3-

| | | | | |
|---|---|---|---|---|
| Class 2 – Secured- Ally Financial, 2007 Chevrolet Silverado | 8000.00 | 8,000.00 plus 7.5% interest | 160.30 | 60 |
| Class 3 – Un Secured – priority State of Alabama Department of Revenue | 8000.00 | 8,000.00 plus 4.5% interest | 182.43 | 48 |
| Class 4 – General Unsecured | $5799.85 | 5,799.85 plus 4.5 % interest | 108.13 | 60 |

C. **Performance of Plan**. CHARLES ANDREW GUNTER, JR. will assume all existing contracts and unexpired leases, will continue to operate his business. The Debtor reserves the right to sell its properties, to sell all or part of its tangible personal property, and to assign any of its unexpired leases and executory contracts. If the Debtor sells or assigns any of his assets, he will use the proceeds to make distributions under the proposed Plan. Subsequent to the Effective Date of the Plan, the Reorganized Debtor reserves the right to move his location, to close his location, to change his business operations, to sell his business, to sell his equipment, and to take any action he deems appropriate to enhance his chances to successfully complete the Plan, subject to the terms of his lease agreements, if any. The Reorganized Debtor reserves the right to sell all or a portion of his assets in or out of the ordinary course of business after the confirmation of his Plan without supervision by the Court.

D. **Retention of Claims and Causes of Action After Confirmation**. Debtor retains all claims and causes of action which he may have against any and all persons. Companies and other entities and nothing contained herein shall be deemed a release by Debtor of any cause of action, judgment, or claim it may now have or may hereafter acquire against the person, corporation or entity. In particular, Debtor retains its oil spill recovery claim, if any, against BP, Haliburton, and/or Transocean and any other party responsible for damages sustained by Debtor arising out of the oil spill in the Gulf of Mexico, if any.

VI. **CONFIRMATION OF PLAN**

A. **Best interest of creditors test**. Since the filing, CHARLES ANDREW GUNTER, JR. has continued to do business as the Debtor-in-Possession of this estate. CHARLES ANDREW GUNTER, JR. believes that if his Plan of Reorganization is confirmed, general unsecured creditors will receive, on account of their claims, assured payments in excess of the amount that these creditors would receive if CHARLES ANDREW GUNTER, JR. were liquidated in a Chapter proceeding. This is commonly referred to as the "best interest of the creditors standard". CHARLES ANDREW GUNTER, JR. believes that his Plan satisfies the requirements of the best interest of creditors test.

B.      **Fair and equitable test**. Section 1126(c) of the Bankruptcy Code provides that a class of creditors accepts the Plan if the Plan is acceptable by creditors holding at least two-thirds in dollar amount and one-half in number of the allowed claims in each class held by creditors that have voted to accept or reject the Plan. All classes of creditors that are impaired under the Plan are entitled to vote.

If all other confirmation requirements of Section 1129(a) of the Code are met, the Court may confirm the Plan even though an impaired class has not accepted the Plan. The Court may so confirm the Plan upon finding that the Plan is fair and equitable under the provisions of Section 1129(a) of the Code. CHARLES ANDREW GUNTER, JR. believes that the Plan proposed is fair and equitable and satisfies the requirements of Section 1129(b) of the Code.

C.      **Voting procedures**. Holders of claims and interests should carefully read the instructions contained on the ballot and complete, date and sign the ballot, and transmit it to the address indicated on the ballot. In order for a vote to be tabulated, the ballot must be received at the address indicated on the ballot not later than a date to be set by the Court. A class of claims will have accepted the Plan if accepted by creditors holding at least two-thirds in amount and more than one-half in number of the allowed claims of such class voting on the Plan.

D.      **Hearing on confirmation**. The hearing on confirmation of the Plan will be set by the Court and all creditors and interest holders will be given notice. The Bankruptcy Court will confirm the Plan at the hearing only if the relevant requirements set forth in Section 1129 of the Bankruptcy Code are satisfied.

Objections to confirmation of the Plan must appropriately filed via electronic filing with the Clerk of the Bankruptcy Court and a copy served on counsel for CHARLES ANDREW GUNTER, JR. on or before a date to be set by the Court. Counsel for CHARLES ANDREW GUNTER, JR. on whom copies of the objections must be served are: Michael J. Harbin, Attorney at Law, Post Office Box 851372, Mobile, Alabama 36685.

E.      **Effect of confirmation of the Plan**. Confirmation of the Plan shall operate to discharge CHARLES ANDREW GUNTER, JR. of all claims and indebtedness that arose before the Plan was confirmed. All such claims and indebtedness shall be satisfied by the payments and other consideration to be distributed under the Plan. All property of CHARLES ANDREW GUNTER, JR.'s estate shall be free and clear of all claims and interest of creditors and interest holders, except as otherwise provided in the Plan, and shall bind CHARLES ANDREW GUNTER, JR. and all other parties in interest, including any creditor or equity security holder whether or not impaired under the Plan and whether or not such creditor or interest holder has accepted the Plan.

-5-

Case 13-00877    Doc 116    Filed 05/28/14    Entered 05/28/14 14:19:01    Desc Main
Document    Page 5 of 8

F. **Consequences of failure to confirm the Plan**. In the event the requirements for confirmation of the Plan are not satisfied, CHARLES ANDREW GUNTER, JR. believes that it will be necessary to attempt to formulate a new revised Plan under Chapter 11 or to convert this Chapter 11 proceeding to a liquidating case under Chapter 7 of the Code, or that the Chapter 11 case will be dismissed.

G. **Tax aspects of distributions under the Plan**. CHARLES ANDREW GUNTER, JR. believes that under present law and regulations, there should be no federal income tax consequences in connection with the distribution to creditors and interest holders pursuant to the Plan other than consequences normally related to payment or partial payment of an obligation by Debtor to a creditor or payment of wages by an employer to an employee, as the case may be.

THE FOREGOING DESCRIPTION OF FEDERAL INCOME TAX CONSEQUENCES IS INTENDED MERELY AS AN AID FOR CREDITORS AND INTEREST HOLDERS, AND NEITHER THE DEBTOR NOR ITS COUNSEL ASSUMES ANY RESPONSIBILITY IN CONNECTION THE TAX LIABILITY OF ANY SUCH CREDITOR OR INTEREST HOLDER. CREDITORS AND INTEREST HOLDERS ARE URGED TO OBSTAIN ADVICE FROM THE COUNSEL OR ADVISORS REGARDING THE APPLICABILITY OF FEDERAL AND STATE TAX LAWS.

Dated this the 28 day of May, 2014.

_____
Charles Andrew Gunter, Jr.

/s/ Michael J. Harbin
_____
MICHEAL J. HARBIN
Attorney for Debtor
Post Office Box 851372
Mobile, Alabama 36685
(251) 689-5569

| | | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|---|---|
| Income | | $45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 45,000.00 | 48,000.00 | 48,000.00 |
| Liabilities: | | | | | | | | |
| | Power | 4200 | 4300 | 4400 | 5400 | 5400 | 5400 | 5400 |
| | Tag | 403.43 | 403.43 | 450 | 450 | 450 | 450 | 450 |
| | Food | 9600 | 9600 | 9600 | 9600 | 9600 | 9600 | 9600 |
| | Dish Net. | 960 | 960 | 960 | 960 | 960 | 960 | 960 |
| | Utilities | 900 | 900 | 900 | 900 | 900 | 900 | 900 |
| | Gas | 3600 | 3600 | 3700 | 3700 | 3800 | 3800 | 3900 |
| | Car Ins. | 1,824 | 1,824 | 1,824 | 1,824 | 1,824 | 1,700 | 1,700 |
| | Phone | 3,900 | 3,900 | 3,900 | 3,900 | 3,900 | 3,900 | 3,900 |
| | Nationstar | 13,033.44 | 13,033.44 | 13,033.44 | 13,033.44 | 13,033.44 | 13,033.44 | 13,033.44 |
| | Ally | 1,923.60 | 1,923.60 | 1,923.60 | 1,923.60 | 1,923.60 | | |
| | State of Al | 2,189.16 | 2,189.16 | 2,189.16 | 2,189.16 | | | |
| | Unsecured | 1,297.56 | 1,297.56 | 1,297.56 | 1,297.56 | 1,297.56 | | |
| Total Liabilities | | 42,098.19 | 44,030.19 | 44,177.76 | 45,177.76 | 43,089 | 31,103.44 | 31,203.44 |
| Net Total | | 2,901.81 | 969.81 | 822.24 | -177.76 | 1911 | 16,896.55 | 16796.56 |

|  | 2021 | 2022 | 2023 |
|---|---|---|---|
|  | 48,000.00 | 48,000.00 | 48,000.00 |
|  | 5400 | 5400 | 5400 |
|  | 450 | 450 | 450 |
|  | 9600 | 9600 | 9600 |
|  | 960 | 960 | 960 |
|  | 900 | 900 | 900 |
|  | 3900 | 4000 | 4000 |
|  | 1,700 | 1,700 | 1,700 |
|  | 3,900 | 3,900 | 3,900 |
|  | 13,033.44 | 13,033.44 | 13,033.44 |
|  | 31,203.44 | 31,303.44 | 31,303.44 |
|  | 16,796.56 | 16,696.56 | 16,696.56 |