**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

In Re:

                              )

CHARLES ANDREW GUNTER, JR.   )
                                 Case No: 13-00877

Debtor.                        )

## ORDER CONFIRMING PLAN

The Plan under Chapter 11 of the Bankruptcy Code filed by Charles Andrew Gunter, Jr.

filed on May 28, 2014, having been transmitted to creditors; and

It having been determined after hearing and notice the requirements for confirmation set

forth in 11 U.S.C. Section 1129 (a) have been satisfied;

It is ordered that the Plan filed by Charles Andrew Gunter, Jr. on May 28, 2014 is

confirmed.  The Plan was modified and by consent of the creditors appearing at the

hearing is modified as follows:

Charles Andrew Gunter, Jr.'s Plan complies with the applicable provisions of chapter 11

of the United States Bankruptcy Code.

Page 1

Charles Andrew Gunter, Jr.'s Plan has been proposed in good faith and not by any means forbidden by law.

All payments made or promised for services or for costs and expenses in, or in connection with Charles Andrew Gunter, Jr.'s Chapter 11 proceedings, or in connection with Charles Andrew Gunter, Jr.'s Plan, have been fully disclosed to the Court or, will be subject to approval of the Court.

Confirmation of the Plan is not likely to be followed by the need for future financial reorganization.

The Plan does not discriminate unfairly between Charles Andrew Gunter, Jr. and his Creditors.

The Plan is fair and equitable with respect to each class of claims or interests that are impaired there under.

## **ORDER**

**1.**

    The Plan of Reorganization is CONFIRMED for purposes under the United States Bankruptcy Code and for all purposes under the terms of the Plan.

2.

Any judgment at any time obtained, to the extent that such judgment is determination of the liability of Charles Andrew Gunter, Jr., with respect to any debt provided for in the Plan is VOID.

3.

The order operates as an injunction against the commencement or continuation of any action, employment of process or any act, to collect, recover or offset any debt provided for in the Plan as a liability of Charles Andrew Gunter, Jr. or from property of Charles Andrew Gunter, Jr..

4.

The provisions of the Plan bind Charles Andrew Gunter, Jr., all Creditors, and parties in interest, whether or not such claims, interests, or rights are impaired under the Plan and whether or not any of the foregoing have accepted or rejected the Plan.

5.

All persons having claims against Charles Andrew Gunter, Jr. as a result of the rejection of an executory contract or unexpired lease shall have until 5:00 p.m. on the fourteenth (14th) day following this order becoming final and non-applicable to file proof of claim relating to the same. Any such claim not so filed shall be barred.

6.

The Debtor shall file with the Court an initial post confirmation report within 60

Case 13-00877   Doc 149   Filed 10/01/14   Entered 10/01/14 15:53:53   Desc Main
Document   Page 3 of 7

days from the date of this order, and quarterly thereafter until further order of the Court. The initial report shall reflect any progress made in consummating the plan during the period covered by the report. The reports shall include (1) a statement of distribution by class, name of creditor, date of distribution and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the provisions of the confirmed plan are being substantially complied with. Debtor shall file quarterly reports thereafter until further order of the Court. The initial report shall reflect any progress made in consummating the plan during the period by the report. The reports shall include: (1) a statement of distribution by class, name of creditor, date of distribution and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the provisions of the confirmed plan are being substantially complied with.

7.

The Court retains jurisdiction of Charles Andrew Gunter, Jr.'s Chapter 11 case and proceedings therein including, without limitation, jurisdiction over all disputes in respect to the following matters:

a.

To consider amendments and modifications of this Plan;

b.

To hear and determine objections to claims;

c.

To hear and determine causes of action by or against Debtor arising prior to the commencement of or during the pendency of these proceedings.

d.

To hear and determine any dispute or controversy arising out of interpretation or enforcement of this Plan;

e.

To hear and determine applications for allowance of compensation and reimbursement of expenses;

f.

To hear and determine any and all pending applications, adversary proceedings and litigation matters, or

g.

To grant extensions of any deadlines set forth herein.

1.                                                                                        The administrative bar date shall not apply to Debtor's post-petition tax obligations. Paragraph 8 of the Plan does not bar assessment of any trust fund recovery penalty, if any, recoverable against any responsible party of the Debtor.

2.

Payments under the Plan shall commence 30 days after Effective date of the Plan and will be due on the 1st day of each month thereafter until paid in full. Secured claimants as provided in the Plan shall retain their secured status until paid in full

pursuant to the terms of the Plan. Ally Financial shall be paid according to the terms set out in the Courts Adequate Protection Order.

3.                                                                                          (a).

If the Debtor fails to make payment of any tax to the Internal revenue Service within ten (10) days of the due date of such deposit or payment, or if the Debtor or successor in interest fails to file any required federal tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare default does not constitute a waiver by the United States of the right to declare that the Debtor is in default.

(b).

If the United States declares the Debtor to be in default of the Debtor's obligation to the United States under the plan, then the entire proposed liability, together with any unpaid current liabilities, shall be due and payable immediately through the administrative collection provisions of Title 26 of the United States Code.

(c).

If full payment is not made within fourteen (14) days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of Title 26 of the United States Code.

(d).

The Debtor shall not receive a discharge greater than allowed by law. The Debtor

remains liable for any failure to pay post-petition federal taxes or other violations

of federal law, to the sum that he would be liable outside of bankruptcy.

(e).

The administrative bar date does not apply to Debtor's post-petition tax liabilities.

(f).

The priority claim of the United States will be paid in full in equal monthly

installments in an amount such that the priority claim is paid in full, with interest

at a rate of three (3%) compounded daily, within sixty months of the petition date.

(g).

Any debt to the United States is non-dischargeable under applicable Federal

law shall not be discharged.

Dated:    October 1, 2014

_William S. Shulman_
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE